[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12434

Non-Argument Calendar

_____

BERNADETTE DICKERSON,

                                             Plaintiff-Appellant,

*versus*

KOCH FOODS, LLC,
KOCH FOODS OF ALABAMA, LLC,

                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00163-ECM-KFP

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Bernadette Dickerson, pro se, appeals the district court's summary judgment on her complaint alleging employment discrimination and retaliation. Based on our review of the record and the parties' briefs, we affirm. We deny Dickerson's motion to supplement the record on appeal with evidence that she failed to present to the district court.

**I.**

Dickerson began working for Koch Foods of Alabama, LLC, in April 2019. In May 2019, she applied for and received a position as a quality assurance technician. Eula Tarver selected Dickerson for the position and acted as her direct supervisor. According to Dickerson, Tarver frequently rubbed her breasts against Dickerson's back when squeezing between Dickerson and another employee during the first week of her training in the quality assurance position. Dickerson says that she told the other employee, Crystal Jones, about this unwanted contact, and Jones replied that Tarver "was rubbing up on her too." Dickerson believes that Jones must have told Tarver about Dickerson's complaint, because Tarver immediately stopped brushing against her.

Dickerson also claims that two other employees touched and teased her inappropriately during the next few months of her employment at Koch Foods. She says that a coworker, LeShawn

Haile, hugged her from behind "all the time," but stopped when she really got annoyed and told him emphatically not to touch her. She also says that another coworker, Tryonne Brown, asked her for sex "all the time" during her first month or so in the quality assurance department, and on one occasion, he touched her bottom. Dickerson "went off" on Brown when he touched her, and he never did it again.

Later, on August 12, 2019, Dickerson and Brown got into an argument at work. Dickerson claims that Brown tried to push her over with his cart, and she and Brown both used profanity. Dickerson says that she reported Brown's prior inappropriate behavior to her department manager (Chiquita Patterson) after the incident, though she acknowledged that it had stopped by the time she reported it. Both Brown and Dickerson were suspended from work for violating Koch Foods's workplace conduct rules.

Not long after Dickerson returned from her suspension, Jones complained to Human Resources that Dickerson was harassing her. Jones complained that she had had "previous incidents" with Dickerson, and that on August 19, 2019, Dickerson had asked her "Why are you looking nervous?" Ten days later, Jones and another employee reported that Dickerson—who was upset because she believed that Jones had replaced her cart with a broken one—told Jones that she did not "want to hurt anybody" and "go back to prison." As a result of these complaints, Human Resources Manager Shenealya Maxwell issued a "final warning" to Dickerson for

making indirect threats in violation of Koch Foods's workplace conduct rules and workplace violence policy.

On September 26, 2019, Jones complained again that Dickerson was harassing her. For her part, Dickerson complained to Patterson that Jones was picking on her and had hit her with her cart. Patterson escorted Dickerson to the Human Resources Department, where they waited outside the office while Jones finished making her complaint. Dickerson was "quite vocal" in her complaints to Patterson while they waited; Patterson and one of the Human Resources employees had to ask her a few times to lower her voice. Dickerson says that she told Patterson during this conversation about Tarver brushing up against her during her first week of employment. When Jones emerged from the Human Resources office, Dickerson commented loudly that she thought Jones had "mental problems."

Patterson, Dickerson, and Maxwell watched video of the incident with Jones, and neither Patterson nor Maxwell saw Jones's cart make contact with Dickerson. Dickerson was counseled about making inappropriate "outbursts" because of her comment that Jones had mental problems. The next day, Jones asked to be transferred to another department because she felt that she was being "watched or stalked" by Dickerson.

On November 5, 2019, another coworker, Nikia Simmons, complained that Dickerson was "bullying" her. Simmons and another employee reported that Dickerson said to Simmons, "some things people just shouldn't say out their mouth," which comment

made Simmons "really feel some type of way." The next day, another employee, Leona Marlow, complained that Dickerson was falsely telling other employees that Marlow had been "peeping" at Dickerson in the bathroom stall. Three other employees confirmed that Dickerson accused Marlow of looking at her in the bathroom in a sexual way, and Dickerson admitted that she told other employees that Marlow was "peeping on her" in the bathroom stall.

In response to Marlow's complaint, Maxwell counseled Dickerson about making inappropriate statements to coworkers. During that counseling session, Dickerson told Maxwell for the first time that Tarver had rubbed against her several times during her first week in the quality assurance department. Dickerson also reported that Jones told her that Tarver had touched her in the same manner. Dickerson believed that Tarver had been encouraging Dickerson's coworkers to make false complaints about her in retaliation for telling Patterson two weeks earlier about Tarver's harassment.

Maxwell and the human resources manager for the complex interviewed Jones about Dickerson's accusations that Tarver had harassed Jones. Jones denied Dickerson's allegations. On November 8, 2019, Jones provided a written statement stating that Dickerson's accusations about Tarver were false, and that Tarver had always been "professional and helpful" in training her for her position. In separate interviews, Tarver and Patterson also denied Dickerson's allegations—Tarver stated that she had never touched

6                    Opinion of the Court                    22-12434

Dickerson or any employee inappropriately, and Patterson denied that Dickerson had ever complained to her about sexual harassment by Tarver.

On November 11, 2019, Dickerson was suspended from work for a violation of company policy pending an investigation by Human Resources. A few days later, Maxwell recommended that Dickerson be terminated because of the multiple conflicts with her coworkers and for making a false accusation of sexual harassment in violation of company policy. Koch Foods's Director of Human Resources, Michael Carow, approved the termination. Maxwell notified Dickerson of her termination on November 18, 2019.[1]

Meanwhile, Dickerson made an informal complaint with the Equal Employment Opportunity Commission in October 2019, and on November 6, 2019, she filed a formal EEOC charge alleging sexual discrimination in the form of a hostile work environment. The EEOC notified Koch Foods's Corporate Director of Human Resources, Bobby Elrod, of Dickerson's discrimination charge by

---

[1] Dickerson has filed a motion to supplement the record on appeal with documents intended to show that she was not at fault (or not entirely at fault) in the altercations with Jones and Brown, and that she was fired for making a false accusation of sexual harassment immediately after the EEOC notified the company of her EEOC charge. We generally do not allow supplementation of the record with evidence that was not submitted to the district court. *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). Because the proffered evidence would make no difference to our decision in this case, we deny the motion to supplement the record on appeal. *See id.*

email in a letter dated November 14, 2019. After she was fired, Dickerson filed a second EEOC charge alleging retaliation.

The EEOC issued right-to-sue letters for both charges, and Dickerson subsequently filed a lawsuit alleging that Koch Foods[2] violated Title VII of the Civil Rights Act by creating and allowing a hostile work environment and by terminating her employment in retaliation for reporting sexual harassment and filing her hostile-work-environment EEOC charge. After two years of litigation and discovery, the district court granted the defendants' motion for summary judgment. This appeal followed.

## II.

We review a district court's order granting summary judgment de novo. *Anthony v. Georgia*, 69 F.4th 796, 804 (11th Cir. 2023). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents "no genuine dispute as to any material fact" and the moving party shows that it is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[2] Dickerson sued Koch Foods, LLC and Koch Foods of Alabama, LLC. The district court granted summary judgment to Koch Foods, LLC on the ground that it was not Dickerson's employer, and Dickerson does not challenge that ruling on appeal.

## III.

### A.

Title VII prohibits discrimination based on sex with respect to the terms and conditions of employment.  42 U.S.C. § 2000e-2(a)(1).  The statute is implicated when an employer creates or perpetuates a discriminatory "hostile work environment"—that is, when "the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013).  To establish a violation of Title VII in a hostile-work-environment claim, a plaintiff must show that she is a member of a protected class; that she experienced unwelcome harassment based on a protected characteristic; that "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment;" and that her employer is either directly or vicariously liable for the hostile work environment. *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1153 (11th Cir. 2020).  An employer may be held vicariously liable for harassment by an immediate or higher-level supervisor. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1278 (11th Cir. 2002).  Where the alleged harasser is merely a coworker, the employer will be held vicariously liable only if the employer "knew or should have known of the harassing conduct but failed to take prompt remedial action." *Id.*

Even if an employee can demonstrate sufficiently severe or pervasive harassment to support a hostile-work-environment claim, the employer may escape liability by showing that "(1) it

22-12434                Opinion of the Court                9

'exercised reasonable care to prevent and correct promptly any sexually harassing behavior'; and (2) the employee 'unreasonably failed to take advantage of any preventive or corrective opportunities'" the employer provided. *Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1287, 1303 (11th Cir. 2007) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)). The employer may satisfy the first requirement of the so-called *"Faragher-Ellerth* defense" by establishing and effectively disseminating a valid anti-discrimination policy and providing reasonable procedures for reporting violations. *Id.*; *Madray v. Publix Supermarkets, Inc.*, 208 F.3d 1290, 1297–98 (11th Cir. 2000). The employer may satisfy the second requirement by showing that the employee failed to report the alleged harassment promptly. *Baldwin*, 480 F.3d at 1306–07; *see Walton v. Johnson & Johnson Servs., Inc.*, 347 F.3d 1272, 1289–91 (11th Cir. 2003).

The district court did not err in entering summary judgment for the defendants on Dickerson's hostile-work-environment claim. Viewed in the light most favorable to Dickerson, the evidence showed that she endured several instances of unwanted physical contact by her immediate supervisor during her first week of employment, which stopped immediately when she complained to a coworker. Separately, she also experienced unwanted touching by two coworkers, each of whom stopped the offensive contact when she told them emphatically to stop. Dickerson has presented no evidence that Koch Foods permitted or failed to correct the inappropriate behavior of her coworkers, which had stopped by the

time she reported it. And the alleged contact by Tarver during Dickerson's first week of employment was neither objectively severe nor sufficiently pervasive to alter the terms and conditions of her employment. *See Vance*, 570 U.S. at 427; *Miller*, 277 F.3d at 1276.

Even if Tarver's alleged conduct had been sufficient to create a hostile work environment, the district court correctly concluded that Koch Foods had proved its *Faragher-Ellerth* defense based on unrebutted evidence in the record. The evidence showed that Dickerson received a copy of Koch Foods's Equal Employment Opportunity and Harassment Policy in April 2019, during the first few days of her employment. The policy prohibited sexual discrimination and harassment and instructed employees to report harassment immediately to specified members of management or Human Resources if it occurred. Despite receiving this information, Dickerson admitted that she did not report the alleged harassment by Tarver in late May and early June 2019 to management until September 26 of that year, when she says she informed Patterson. Koch Foods cannot be held liable for Tarver's alleged harassment when Dickerson unreasonably delayed making use of the well-established procedures for correcting such conduct until several months after it had ended. *See Baldwin*, 480 F.3d at 1307; *Walton*, 347 F.3d at 1289–90.

## B.

Title VII also makes it unlawful for an employer to retaliate against an employee because of her opposition to a discriminatory

employment practice or participation in an EEOC investigation or hearing. 42 U.S.C. § 2000e-3(a); *see EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). When a plaintiff relies on circumstantial evidence to prove retaliation (as Dickerson does here), we generally apply the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020). Under that framework, a plaintiff must first establish a prima facie case of retaliation by showing that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally related to her protected activity. *Id.*

Once established, the plaintiff's prima facie case creates a presumption that the adverse employment action was retaliatory. *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). The burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *Id.* If the employer does so, the presumption of retaliation "drops from the case," and the burden shifts back to the plaintiff to show that the employer's reason "was not the real basis for the decision, but a pretext for discrimination." *Id.* (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 255 n.10 (1981)); *Johnson*, 948 F.3d at 1325 (citation omitted).

Here, the parties dispute whether Dickerson made out a prima facie case of retaliation based on her allegation that Koch Foods fired her because of her EEOC hostile-work-environment

charge.  But we need not reach that question, because even if she established a prima facie case, Koch Foods countered by presenting legitimate, nondiscriminatory reasons for firing her.  Koch Foods's Director of Human Resources (Carow) and the Human Resources Manager for the plant where Dickerson worked (Maxwell) testified that they were unaware of Dickerson's EEOC charge at the time that Maxwell recommended and Carow approved her termination.  They testified that Dickerson was fired because of her repeated conflicts with her coworkers and what Maxwell deemed to be a false report to Human Resources of sexual harassment by Tarver.  These were valid reasons for Dickerson's termination.  *See Total Sys. Servs., Inc.*, 221 F.3d at 1176 (employer's good-faith belief that employee lied during an internal investigation of alleged sexual harassment was a legitimate, nondiscriminatory basis for discharge).

Once Koch Foods articulated legitimate reasons for its decision to fire her, Dickerson was required to present concrete evidence showing that the proffered reasons were pretext for discrimination.  *See Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012); *Bryant*, 575 F.3d at 1308.  She failed to do so.

Dickerson argues that the coworkers who accused her of bullying, threatening, or harassing them were lying, and that Tarver, Patterson, and Jones also lied when they denied Dickerson's allegations of harassment by Tarver.  But she has presented nothing to counter the witnesses' testimony that several of her coworkers *complained* about Dickerson's behavior or insisted that

she had made false accusations of sexual harassment. And the relevant inquiry in determining whether the plaintiff has presented evidence of pretext is not whether the plaintiff actually engaged in the misconduct cited as the reason for her termination, but whether the employer had a good-faith belief that she did. *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020). Here, Dickerson failed to rebut her employer's evidence showing that Maxwell and Carow reasonably believed that Dickerson instigated or perpetuated conflicts with several of her coworkers and falsely accused her supervisor of sexual harassment.

## IV.

The district court did not err in granting summary judgment on Dickerson's Title VII hostile-work-environment and retaliation claims. Dickerson did not present evidence of severe or pervasive harassment sufficient to meet her burden of proof at trial, and in any event, the defendants presented unrebutted evidence that Dickerson was aware of her employer's procedures for reporting sexual harassment but failed to make use of them until long after the alleged harassment had ceased. Dickerson also failed to rebut her employer's evidence showing that it had legitimate, nondiscriminatory reasons for terminating her employment. We therefore affirm the district court's judgment.

Dickerson's motion to supplement the record on appeal is DENIED.

**AFFIRMED.**